UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA FLORES,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | No. 1:23-cv-01742-KES-CDB<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>(Doc. 15) |

The United States of America moves to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), arguing that plaintiff failed to exhaust administrative remedies as to defendant United States and that defendants United States Postal Service ("USPS") and Jonathan Elysee are not proper defendants under the Federal Tort Claims Act. *See* Motion to Dismiss ("Motion"), Doc. 15; 28 U.S.C. § 2679(b)(1). The court granted plaintiff additional time to oppose the motion to dismiss, but plaintiff did not file an opposition. Docs. 18, 19. On June 18, 2024, the court took this motion under submission without a hearing pursuant to Local Rule 230(g). Doc. 19. For the reasons explained below, the motion to dismiss is granted.

**I.  BACKGROUND**

Plaintiff Flores and defendant Jonathan Daniel Douglas Elysee were involved in a vehicle collision on July 14, 2023. First Amended Complaint ("FAC"), Doc. 7 at ¶¶ 19-22. At the time

1

of the collision, Elysee was acting in the course of his employment with the USPS. Motion, Doc. 15-1 at 1. As a result of the collision, Flores filed claims pursuant to 39 C.F.R. §§ 912.1-912.14 and 28 U.S.C. § 2675(a). FAC, Doc. 7 at ¶¶ 2-3. Flores alleges she made an administrative claim to the USPS, but USPS "failed to make a final disposition," and she "deems such failure to be a denial of the claim." *Id.* at ¶ 3. The United States has proffered unrebutted evidence that Flores filed the administrative claim with the USPS on August 7, 2023. Standard Form 95, Exhibit A to the Declaration of Kimberly A. Herbst in support of Motion, Doc. 15-3. Plaintiff filed this action on December 20, 2023. Complaint, Doc. 1.

## II.  LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022) (same).

A party may move to dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or factual. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe*

*Air for Everyone*, 373 F.3d at 1039.  In a factual challenge, the court does not simply accept the allegations in the complaint as true.  *Leite*, 749 F.3d at 1121.  Once the truth of the allegations is challenged, the responding party needs to support the jurisdictional allegations with "competent proof."  *Id.*  "[T]he party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944–45 (9th Cir. 2021) (internal citations and quotations omitted).  The court then makes findings of fact, resolving any material factual disputes by independently evaluating the evidence.  *Id.*

### III.     ANALYSIS

"The FTCA, 28 U.S.C. §§ 1346, 2671-80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (internal citation omitted).  Prior to filing an FTCA action in federal court, a plaintiff must exhaust administrative remedies.  *Id.* (citing 28 U.S.C. § 2675(a)). Exhaustion of an administrative claim occurs once the relevant agency denies the claim in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing.  28 U.S.C. § 2675(a).  Failure to exhaust administrative remedies deprives the district court of jurisdiction over plaintiff's tort claims.  *D.L.*, 858 F.3d at 1244.  "The FTCA's exhaustion requirement is jurisdictional and may not be waived."  *Id.*

To administratively exhaust her claim under the FTCA, Flores needed to file her administrative claim with the USPS and wait for the claim to be denied in writing or the expiration of the six-month statutory period.  The United States relies on evidence outside the face of the FAC to support its argument that Flores filed this action prematurely.  Motion, Doc. 15-1 at 3.  Therefore, the United States' jurisdictional argument is a factual challenge. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989) (a factual challenge "rel[ies] on affidavits or any other evidence properly before the court" to challenge the complaint's allegations).  In response to a factual attack, a plaintiff must present "affidavits or any other evidence necessary to satisfy [their] burden of establishing that the court, in fact, possesses

3

1  subject matter jurisdiction." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (internal citation omitted).

At the time the action was filed, the United States had not adjudicated or denied Flores's claim. Declaration of Kimberly A. Herbst in support of Motion, Doc. 15-2 at ¶ 5. Flores has not filed an opposition or presented any evidence to contest the evidence presented by the United States. By filing this action on December 20, 2023, before the expiration of the six-month statutory period and before receiving a denial, Flores did not exhaust her remedies and prematurely filed her FTCA claim. Given the uncontested evidence regarding Flores's premature filing of this action, the case will be dismissed for lack of subject matter jurisdiction. Flores's claim as to the USPS and Elysee is also dismissed for lack of subject matter jurisdiction. "[T]he United States is the only proper party defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).

**IV.   CONCLUSION**

Flores failed to exhaust her administrative remedies as required by the FTCA, and defendants USPS and Elysee are not proper parties in this action. Accordingly, the court lacks subject matter jurisdiction over Flores' complaint.

Accordingly, it is HEREBY ORDERED THAT:

1. The government's motion to dismiss is granted and plaintiff's complaint is dismissed for lack of subject matter jurisdiction, without prejudice to Flores re-filing an FTCA action once administrative remedies have been exhausted.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   June 26, 2024

UNITED STATES DISTRICT JUDGE

4